Pennington J.
— All the declarations in like cases, set out the time of notice; and for the best reason, that the plaintiff’s right to recover should appear on the face of the declaration and be put in issue; this declaration may be ail true, and yet the plaintiff have no right of action against the defendant. Whether it was given immediately or delayed for months, would vary the rights of recovery. I know that it has been contended that whether notice is reasonable or not, is a question of fact to be tried by the jury. I take the law to be otherwise; and that reasonableness of notice, under the circumstances of the case, is a question of law7 for the determination of the court. It is true, the circumstances of the case, and the fact of notice, are matter of evidence to be found by a jury. If the parties live in the same town, notice must be given the same day. If at a distance, by the next post. It will not do to say, that among an agricultural people, this mercantile strictness ought not to be observed. If we adopt mercantile law, we must abide by it. I believe that there is too strong a passion in the country, for negociable paper; but if people will handle edge tools Which they have no need of, and do not know how7 to use, they must expect some times to be wounded with them. It may perhaps be said, that after verdict, the court will presume that reasonable notice w7as proved and found by the jury, or that they would not have found a verdict for the endorsee. But this is leaving the reasonableness of notice to a jury, which I never can assent to, and for this plain reason; that w7e never should have any fixed rule; one jury will think one time reasonable, another, another, and a third vary from both, and so on without end. A rule has been fixed by a course of legal adjudication, [*] founded on the custom of merchants, which ought not to be disturbed. This is not the case of a right or title defectively set out, but the title itself is defective. But if this was not the case, the presumption in this case of reasonable notice, is rebutted by the record qf the justice, which states that a motion was made by the defendant below, for a nonsuit, on this very ground qf the want of proof qf reasonable notice, or in the words of the justice, "because he” (theindorsee) "had not given notice of the default qf the payment of said note, only one week prior to the day of trial of said cause,” which he impliedly admits by the answrer he gives to the motion, "but produced no law, on this ground the court overruled the motion.” The note was payable the iast part of May; *669 the action was commenced the 29th October after; and from the record, it is fairly to be presumed, that no notice was given to the endorser until a week before the trial, which was the 9th November; that is, the actual notice was not given until after the suit was commenced, five months from the time it ought to have been given, and the jury no doubt thought this reasonable notice — which shews the danger of leaving a matter of law to the jury. The justice gives a most extraordinary reason for deciding against law, which is, that the defendant, a tavern keeper, did not come with his books into the court, and instruct him what the law was. I think that this judgment ought to be reversed.
The other Judges concurred.
Judgment reversed.